**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| JORGE OLGUIN OTERO, | ) |
| | ) |
| *Petitioner,* | ) |
| | ) |
| v. | )    1:26-cv-1306 (PTG/LRV) |
| | ) |
| TODD BLANCHE, *et al.,* | ) |
| | ) |
| *Respondents.* | ) |
| | ) |

## <u>ORDER</u>

This matter comes before the Court on Petitioner Jorge Olguin Otero's Petition for a Writ

of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner is a citizen of Mexico who entered the United

States without inspection in 2021. *Id.* ¶ 7. Petitioner is currently being detained at the Farmville

Detention Center, which is within this Court's jurisdiction. *Id.* Petitioner now sues Respondents,

alleging that his continued detention violates his constitutional rights. *Id.* ¶¶ 39–43. Respondents

contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b). Dkt. 4 at 1. Upon

consideration of the Petition (Dkt. 1), Respondents' Opposition[1] (Dkt. 4), the Court concludes that

Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED.**

The Court finds that Petitioner is not "seeking admission" and is therefore not subject to

detention under 8 U.S.C. § 1225(b). This Court, and others in this District, have repeatedly rejected

Respondents' assertion that any immigrant without lawful status, including Petitioner, is subject

---

[1] In accordance with the Court's show cause order (Dkt. 2), Respondents filed a Notice indicating
that the factual and legal issues presented in this Petition do not differ in any material fashion from
those presented in *Andrade Portillo v. Perry, et al.,* 1:25-cv-1646 (E.D. Va.). Accordingly,
Respondents' substantive arguments in *Andrade Portillo* will be incorporated into this matter.

to mandatory detention under 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *5-13 (E.D. Va. Sept. 19, 2025); *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025). Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions.[2] To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioner has resided in the United States for over twenty-five years.[3] Dkt. 1 ¶ 13. Therefore, Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge. Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order. Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a); it is further

---

[2] *See Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting that "the law is clear" that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here").

[3] Additionally, Respondents do not raise any issue of criminal history that should preclude Petitioner's request for immediate release.

2

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

The Clerk is **DIRECTED** to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 26th day of May, 2026.
Alexandria, Virginia

_____ /s/
Patricia Tolliver Giles
United States District Judge

3